William E. von Behren, State Bar No. 106642
bvonbehren@vbhlaw.com
Joann V. Lee, State Bar No. 251653
jlee@vbhlaw.com
VON BEHREN & HUNTER LLP
2041 Rosecrans Avenue, Suite 367
El Segundo, CA 90245
Telephone: (310) 607-9111
Facsimile: (310) 615-3006

Attorneys for Defendant
ANTHEM BLUE CROSS LIFE AND HEALTH
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

INSPIRE MALIBU,

Plaintiff,

v.

ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY; ANTHEM INSURANCE COMPANIES, INC.; DOES 1 to 20 inclusive,

Defendants.

Case No. LA CV16-5229

**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**

Filed concurrently with:
(1) Declaration of Jason Love;
(2) Declaration of Brendan G. Stuhan;
(3) Notice of Interested Parties.

# **NOTICE OF REMOVAL**

Defendant Anthem Blue Cross Life and Health Insurance Company ("Anthem") respectfully removes this action to the United States District Court for the Central District of California, Western Division, and states as follows:

1. On May 2, 2016, Plaintiff Inspire Malibu ("Plaintiff") filed a complaint against defendants Anthem Insurance Companies, Inc.[1], and Anthem Blue Cross Life and Health Insurance Company ("Anthem), in the Superior Court of the County of Los Angeles, California, Case No. BC618797 ("Complaint"). On or about May 9, 2016, Anthem received via U.S. mail a copy of the Summons and Complaint and Notice and Acknowledgment of Receipt form with a request that Anthem sign and return the Notice and Acknowledgment form. Anthem's counsel signed the Notice and Acknowledgment form on behalf of Anthem, on June 15, 2016, and mailed it back to Plaintiff. Pursuant to California Code of Civil Code Procedure § 415.30(c), therefore, the service of summons and complaint is deemed complete on June 15, 2016. No prior pleading was served on Anthem. Pursuant to 28 U.S.C. § 1446(a), Anthem has attached copies of all process, pleadings, or orders purportedly served on it as Exhibit A to this Notice of Removal.

2. Anthem files this removal within the 30-day period described in 28 U.S.C. § 1446(b)(1).

3. Anthem removes this case pursuant to 28 U.S.C. § 1442(a)(1), which permits removal where a person acting under the direction of a federal agency and its officers is sued for actions taken under color of federal office. In addition, Anthem removes this case pursuant to 28 U.S.C. § 1441 as an action over which this Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims are based on federal law.

---

[1] Anthem understands that Plaintiff has not been served Anthem Insurance Companies, Inc., with a copy of the Summons and Complaint.

4. Because, among other grounds, this case is removed under 28 U.S.C. § 1442, this case is not being "removed solely under section 1441(a)," and thus the consent of the other Defendants is not required. 28 U.S.C. § 1446(b)(2)(A); *see also Alban v. Exxon Mobil Corp.*, No. MJG-06-3098, 2006 U.S. Dist. LEXIS 98103, at *6 (D. Md. Dec. 27, 2006); *Freiberg v. Swinerton & Walberg Prop. Servs., Inc.*, 245 F. Supp. 2d 1144, 1148 (D. Colo. 2002). In any event, Anthem Insurance Companies, Inc. has not been served by Plaintiff.

**NATURE OF THE CASE**

5. Plaintiff alleges that it is a provider of "medical care to those with substance abuse and mental health disorders." Complaint ¶ 4. Plaintiff operates behavioral health treatment facilities in Malibu, California. *Id.* ¶ 18. Anthem is an insurer or administrator of health insurance plans in California. *Id.* ¶ 5. Plaintiff has no contractual relationship with Anthem; instead, Plaintiff is an out-of-network provider. *Id.* ¶ 24. Nonetheless, Plaintiff sues under California state law to seek additional payments from Anthem in connection with services that Plaintiff allegedly provided to a single patient who is an enrollee in a health plan that Anthem insures or administers. *E.g.*, *id.* ¶ 1.

6. Among other things, Plaintiff alleges that it contacted Anthem prior to performing services to verify that the patient at issue had valid coverage, including coverage for out-of-network services, that the coverage included the services at issue, and "that reimbursement for the medical services would be made at the usual and customary rate for the same or similar medical services in and around Plaintiff's geographical area." *Id.* ¶ 32. Plaintiff asserts that Anthem then either denied the claims or paid less than the amount Plaintiff charged. *Id.* ¶ 35; *see also id.* ¶ 37.

7. Plaintiff also asserts that it obtained "an Assignments of Benefits" from the patient that "transferred and assigned to Plaintiff the rights and interest to collect and be reimbursed for the patient's medical service(s) performed at Plaintiff's facility." *Id.* ¶ 34. According to Plaintiff, Anthem "was obligated to pay" Plaintiff based on this "valid assignment from the patient," among other reasons. *Id.* ¶ 2. Presumably relying on this

assignment, Plaintiff claims to have "properly and timely appealed the non-payment and underpayment of claims through [Anthem's] designated appeals channels," and that Anthem denied those appeals. *Id.* ¶ 36. On that basis, Plaintiff claims to have "exhaust[ed its] administrative remedies." *Id.*

8. Further, Plaintiff alleges that Anthem has taken the position that it overpaid Plaintiff in connection with services rendered to the same patient and that Anthem is trying to recover that overpayment from Plaintiff. *Id.* ¶¶ 29, 41. Plaintiff alleges that Anthem is not entitled to make such a recovery. *E.g.*, *id.* ¶ 57.

9. Based on these allegations, Plaintiff pleads counts for breach of implied contract, breach of the implied covenant of good faith and fair dealing, fraud, unjust enrichment, unfair business practices, recovery of payment for services rendered, and quantum meruit. *Id.* at ¶¶ 45-100.

10. As noted above, the Complaint states that it involves a single enrollee in Anthem's health plan. *Id.* ¶¶ 1 and 5. Anthem learned of the enrollee at issue when Plaintiff's counsel provided Anthem with the name of the patient, as well as the patient's ID number and dates of service at issue. [Declaration of Jason Love, in support of Notice of Removal (filed concurrently herewith), ¶2]. As discussed in more detail below, the enrollee at issue in this case is enrolled in a health plan governed by the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-14. The presence of the FEHBA-governed health plan provides the bases of removal in this case.

11. The enrollee at issue in this case identified by Plaintiff, through its counsel, has the initials "C.C." Plaintiff has informed Anthem that the claim at issue arises out of health services allegedly rendered by Plaintiff to C.C. from May 15, 2012 – June 16, 2012. C.C. was enrolled in the Blue Cross and Blue Shield Service Benefit Plan (sometimes, "the Plan"), one of the federal government's health benefits plans for federal employees and their dependents. Declaration of Jason Love ¶ 3. At the time of the services at issue, C.C. was enrolled in the Plan. Declaration of Jason Love ¶ 4.

12. The Plan is created by a federal government contract between the United States Office of Personnel Management ("OPM") and the Blue Cross and Blue Shield Association ("BCBSA") pursuant to FEHBA, neither of which are parties to this case. [Declaration of Brendan G. Stuhan in support of Notice of Removal (filed concurrently herewith), ¶ 3]. *See generally* 2008 Service Benefit Plan Master Contract (Ex. B-1) [hereinafter "2008 Master Contract"]; *see also* 2012 Statement of Benefits for the Service Benefit Plan at 3 (Ex. B-3) [hereinafter "2012 Statement of Benefits"].[2]

13. In contracting to establish the Plan, BCBSA acts as agent for and on behalf of local Blue Cross and Blue Shield companies that administer the Plan in their respective localities; Anthem is such a company and administers the Plan in California. *See, e.g.*, 2012 Statement of Benefits at 3; *Helfrich v. Blue Cross & Blue Shield Ass'n*, 804 F.3d 1090, 1092 (10th Cir. 2015).

14. FEHBA and the regulations implementing it set forth a comprehensive framework for the supervision and administration of FEHBA plans, including the Service Benefit Plan.

a. Under FEHBA, OPM is vested with sole authority to contract for the provision of health plans, to determine the benefit structure of each plan, and to promulgate the official description of a plan's terms in a "Statement of Benefits" (sometimes called a "brochure"). *See* 5 U.S.C. §§ 8902(a), (d), 8907. The Statement of Benefits is incorporated into the government contract between OPM and BCBSA. *See* Ex. B-1, 2008 Master Contract § 2.2(a); *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 684 (2006).

---

[2] The 2008 Master Contract (along with the annual amendment thereto) were the operative contracts governing the Service Benefit Plan in 2012. The 2012 annual amendment is attached hereto as Exhibits B-2. The 2012 Statement of Benefits, which is incorporated into the relevant Master Contract or annual amendment, was the applicable plan brochure in 2012.

b. Congress delegated solely to OPM the authority to police the conduct and practices of FEHBA carriers, and the agency has promulgated extensive regulations on the topic. *See* 5 U.S.C. §§ 8902(e), 8910, 8913(a); 48 C.F.R. Ch. 16; see also *Bridges v. Blue Cross & Blue Shield Ass'n*, 935 F. Supp. 37, 42-43 (D.D.C. 1996); *Kight v. Kaiser Found. Health Plans of the Mid-Atl. States, Inc.*, 34 F. Supp. 2d 334, 342 (E.D. Va. 1999).

c. FEHBA, OPM's regulations, and the Statement of Benefits establish that the exclusive remedies to challenge a carrier's refusal to pay benefits is a request for reconsideration to the carrier, followed by an administrative appeal at OPM, followed by judicial review in federal court of OPM's decision. OPM prohibits lawsuits against a FEHBA carrier or its subcontractors relating to the provision of benefits under a FEHBA plan. *See* 5 U.S.C. §§ 8902(j), 8912; 5 C.F.R. §§ 890.105, 890.107; *see also, e.g.*, 2012 Statement of Benefits at 118-19. This administrative remedy is available to "medical providers" who have obtained the enrollee's consent. *E.g.*, Ex. B-3, 2012 Statement of Benefits at 119; *see also* 5 C.F.R. § 890.105(a)(2).

d. The Plan's Statement of Benefits expressly defines how much the Plan will pay for services provided by non-contracted providers. *See, e.g.*, Ex. B-3, 2012 Statement of Benefits at 21-22, 81-83, 131-33. Among other things, the Plan typically computes the amount it will pay based on what is called the "Plan Allowance." *E.g.*, *id.* at 131-33. As the Plan expressly notes, a provider's bill is often more than the Plan Allowance. *E.g.*, *id.* at 21. Further, the Plan often calls for payment of only a portion of the Plan Allowance; the remaining portion is called "coinsurance" and must be paid by the enrollee. *E.g.*, *id.* at 20, 81-83. Thus, for non-contracting providers, the enrollee – not the Plan – must pay both (1) the difference between the provider's billed charge and the Plan Allowance, and (2) a set percentage (typically 35%) of the Plan Allowance. *Id.*

e. The Plan's Statement of Benefits "is the official statement of benefits. No oral statement can modify or otherwise affect the benefits, limitations, and exclusions" contained in the Statement of Benefits. *E.g.*, Ex. B-3, 2012 Statement of Benefit at 3.

f. The Master Contract requires Anthem to "make a prompt and diligent effort to recover [an] erroneous payment" once Anthem has determined that an erroneous payment was made, and contains detailed standards for what is required in that regard. Ex. B-1, 2008 Master Contract § 2.3(g).

g. Under FEHBA, the federal government pays for the majority of the premium cost for each enrollee, with the enrollee paying the remainder. *See* 5 U.S.C. § 8906(b)(1), (b)(2), (f); *Helfrich*, 804 F.3d at 1092. All premiums are deposited initially into the Employees Health Benefits Fund within the U.S. Treasury. 5 U.S.C. § 8909(a); *Helfrich*, 804 F.3d at 1092. Carriers of experience-rated FEHBA plans – such as the Plan (*see, e.g.*, Ex. B-1, 2008 Master Contract § 3.3(a)) – do not receive the premiums as they are paid into the Employees Health Benefits Fund in the federal Treasury. Instead, the premiums for the Plan are placed into a special letter of credit account within the U.S. Treasury fund. 48 C.F.R. § 1632.170(b)(1); *see also id*. § 1652.232-71(d). The Blue Cross and Blue Shield entities administering the Plan, such as Anthem, then draw directly from the letter of credit account in the Treasury fund to pay for benefit claims and allowable administrative expenses. 48 C.F.R. §§ 1632.170(b), 1652.216-71(b); *Helfrich*, 804 F.3d at 1092. Any Plan premiums that are not used to pay benefits and administrative expenses remain the property of the government, and are not paid to the carrier. *See, e.g.*, Ex. B-1, 2008 Master Contract § 3.3; *Helfrich*, 804 F.3d at 1092. An experience-rated carrier's profit, if any, comes from a separate, negotiated service charge. *See Nat'l Ass'n of Postal Supervisors v. United States*, 21 Cl. Ct. 310, 315 (1990) ("The service charge is the only profit element . . . [an experience-rated] carrier may not make a profit on the premium charges themselves."), aff'd mem., 944 F.2d 859 (Fed. Cir. 1991); see also 48 C.F.R. § 1615.404-4; *Helfrich*, 804 F.3d at 1092.

h. FEHBA contains a broad preemption provision that states: "The terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health

insurance or plans." 5 U.S.C. § 8902(m)(1) (2000) (as amended by the Federal Employees Health Care Protection Act of 1998, Pub. L. No. 105-266, § 3(c), 112 Stat. 2363, 2366 (1998)). "[U]nder § 8902(m)(1) as it now reads, state law – whether consistent or inconsistent with federal plan provisions – is displaced on matters of 'coverage or benefits.'" *McVeigh*, 547 U.S. at 686. With this preemption provision, Congress sought to "strengthen the ability of national plans to offer uniform benefits and rates to enrollees regardless of where they may live." H.R. Rep. No. 105-374, at 9 (1997); accord S. Rep. No. 95-903, at 2 (1978) (legislative history of FEHBA's original preemption provision); *see also Empire*, 547 U.S. at 686; *Helfrich*, 804 F.3d at 1099.

**<u>GROUNDS FOR REMOVAL</u>**

15. This case is removable for two independent reasons. First, this case is removable under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), which authorizes removal of an action against "any officer (or person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). Second, this case is removable pursuant to 28 U.S.C. § 1441(c) because there is federal question jurisdiction in this Court.

**<u>Removal Under the Federal Officer Removal Statute</u>**

16. Courts specifically have held that suits against entities administering the Plan are removable by the Plan's administrators under the Federal Officer Removal Statute. *See Jacks v. Meridian Res. Co.*, 701 F.3d 1224 (8th Cir. 2012) (Blue Cross Blue Shield entity administering FEHBA plan properly invoked section 1442(a)(1)); *Anesthesiology Assocs. of Tallahassee, Fla., P.A. v. Blue Cross & Blue Shield of Fla., Inc.*, No. 03-15664, slip op. at 3-5 (11th Cir. Mar. 18, 2005) (same)(Ex. C); *Vrijesh S. Tantuwaya MD, Inc. v. Anthem Blue Cross Life and Health Insurance Co.*, No. 15cv1571-WQH-NLS, 2016 U.S. Dist. LEXIS 45589, at *8-18 (S.D. Cal. Mar. 11, 2016) (same); *Goncalves v. Rady Children's Hosp. San Diego*, 3:14-cv-1774-GPC-BGS, 2014 U.S. Dist. LEXIS 168288, at *7-13 (S.D. Cal. Dec. 4, 2014) (FEHBA reimbursement disputes are removable under Federal Officer

Removal Statute, except in limited situation where case involves certain state probate court proceedings); *Bell v. Blue Cross & Blue Shield of Okla.*, No. 5:14-CV-05046, 2014 U.S. Dist. LEXIS 155723 (W.D. Ark. Nov. 3, 2014) (Blue Cross Blue Shield entity administering FEHBA plan properly invoked section 1442(a)(1)); *Ala. Dental Ass'n, v. Blue Cross & Blue Shield of Ala., Inc.*, No. 2:05-cv-01230-MEF, 2007 U.S. Dist. LEXIS 685, at *21-25 (M.D. Ala. Jan. 3, 2007) (same); *see also Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, No. 13-31085, 2014 U.S. App. LEXIS 21968 (5th Cir. Nov. 18, 2014) (removal by FEHBA plan administrator under section 1442(a)(1) was objectively reasonable).[3]

17. The Ninth Circuit has "recognize[d] that defendants enjoy much broader removal rights under the federal officer removal statute than they do under the general removal statute, 28 U.S.C. § 1441." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) (citation omitted). To invoke the federal officer removal statute, a removing party "must show that (1) it is a 'person' within the meaning of the statute, (2) a causal nexus exists between plaintiffs' claims and the actions [the removing party] took pursuant to a federal officer's direction, and (3) it has a 'colorable' federal defense to plaintiffs' claims." *Id*. at 1120.

18. The first factor in *Leite* is met here because corporations, such as government contractors, qualify as "persons" under the statute. *Id*. at 1122 n.4 (citations omitted).

19. The second factor is also met. As pertinent to 28 U.S.C. § 1442(a)(1), a defendants is deemed to be sued for actions under the direction of a federal agency and

[3] *Accord Peterson v. Blue Cross/Blue Shield of Tex.*, 508 F.2d 55, 56-57 (5th Cir. 1975) (Blue Cross Blue Shield entities administering Medicare plan properly removed claim brought by provider, pursuant to section 1442(a)(1)); *Group Health, Inc. v. Blue Cross Ass'n*, 587 F. Supp. 887, 891 (S.D.N.Y. 1984) (same); *Thompson v. Cmty. Ins. Co.*, No. C-3-98-323, 1999 U.S. Dist. LEXIS 21725, at *6-28 (S.D. Ohio Mar. 3, 1999) (HMO administering Medicare plan properly removed case pursuant to section 1442(a)(1)); *Holton v. Blue Cross & Blue Shield of S.C.*, 56 F. Supp. 2d 1347, 1351-52 (M.D. Ala. 1999) (Blue Cross Blue Shield entity administering health benefits plan for dependents of military retirees properly removed case pursuant to section 1442(a)(1)).

federal officers where, as is the case with Anthem's administration of the Service Benefit Plan here, it is administering the terms of a federal government contract or federal program under the direct and detailed supervision of a federal agency. Government contractors may remove a case pursuant to the Federal Officer Removal Statute where "the acts for which they are being sued . . . occurred because of what they were asked to do by the Government," even if the acts were not "specifically contemplated by the government contract." *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 137, 138 (2d Cir. 2008). Here, Anthem (and other local Blue Cross and Blue Shield companies) "help the government fulfill the basic task of establishing a health benefits program for federal employees. OPM has direct and extensive control over these benefit contracts under the FEHBA." *Jacks*, 701 F.3d at 1233. "[T]he benefit payment process [is] a process over which OPM exerts regulatory control." *Id*. In this case, Plaintiff sues Anthem expressly because of actions taken in the course of administering the Plan – specifically, in paying benefits and in trying to recover erroneous overpayments. On this basis, Plaintiff's Complaint is causally connected to Anthem's actions under the direction of a federal agency and its officers. *See id*. at 1230 n.3 (finding the requisite causal connection). "In assessing whether a causal nexus exists, [the court] credit[s] the defendant's theory of the case." *Leite*, 749 F.3d at 1124.

20. The third factor in *Leite* is met because there are colorable federal defenses to Plaintiff's claims against Anthem. To remove the case, Anthem does not "have to prove that [its federal] defense is in fact meritorious." *Id*. Anthem need only show that it has a federal defense that is "colorable." *Id*. Here, Anthem has three separate colorable federal defenses.

a. First, Plaintiff's claims are preempted by FEHBA's express preemption provision, 5 U.S.C. § 8902(m)(1), which provides that the terms of FEHBA contracts concerning benefits and benefits payments shall supersede state law. *See Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390 (9th Cir. 2002); *Hayes v. Prudential Ins. Co.*, 819 F.2d 921 (9th Cir. 1987). Here, the preemptive terms of the

FEHBA contract include: (1) provisions that set forth an exclusive process for challenging benefit denials and that expressly forbid the claims Plaintiff has brought against Anthem;[4] (2) provisions that set forth the amount non-contracted providers such as Plaintiff is to be paid; (3) provisions forbidding the oral modification of the Plan's terms or the benefits payable thereunder; and (4) provisions requiring Anthem to seek recovery of erroneous payments.

b. Second, there is a colorable defense of sovereign immunity because, among other reasons, the funds that would be used to pay Plaintiff for its services would come directly from the federal Treasury. *See Vrijesh S. Tantuwaya MD, Inc.*, 2016 U.S. Dist. LEXIS 45589, at *26-28 (dismissing state law claims against Service Benefit Plan administrator on sovereign immunity grounds); *Ctr. for Reconstructive Breast Surgery, LLC v. Blue Cross Blue Shield of La.*, No. 11-806, 2014 U.S. Dist. LEXIS 139442, at *19-23 (E.D. La. Sept. 30, 2014) (same); *Mentis El Paso, LLP v. Health Care Serv. Corp.*, No. EP-14-CV-00196-FM, 2014 U.S. Dist. LEXIS 158332, at *11-25 (W.D. Tex. Sept. 12, 2014) (same); *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, No. 3:12-cv-1607-O, 2014 U.S. Dist. LEXIS 12750 (N.D. Tex. Feb. 3, 2014) (same); *Calingo v. Meridian Res. Co. LLC*, No. 7:11-cv-628, 2011 U.S. Dist. LEXIS 83496 (S.D.N.Y. July 29, 2011) (holding sovereign immunity barred claims for monetary damages against FEHBA carrier); *see also Omega Hosp.*, 2014 U.S. App. LEXIS 21968, at *8 (citing Innova); *see generally Anderson v. Occidental Life Ins. Co.*, 727 F.2d 855, 856-57 (9th Cir. 1984); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998).

c. Third, Plaintiff's state-law claims are displaced by federal common law, which governs the federal contract at the heart of this case. *See Helfrich*, 804

---

[4] Here, Plaintiff claims to have utilized *some* of the required remedies (*i.e.*, pursuing appeals with Anthem, *see* Complaint ¶ 36), but failed to follow the next steps in the FEHBA's regulatory process for disputed claims (*i.e.*, an appeal to OPM, followed by judicial review of OPM's decision).

F.3d at 1095-1104; *New SD, Inc. v. Rockwell Int'l Corp.*, 79 F.3d 953 (9th Cir. 1996); *Am. Pipe & Steel Corp. v. Firestone Tire & Rubber Co.*, 292 F.2d 640, 643 (9th Cir. 1961).

21. The court in *Jacks* found each of these three defenses – preemption, sovereign immunity, and displacement by federal common law – to be colorable for purposes of the Federal Officer Removal Statute. *Jacks*, 701 F.3d at 1235; *see also Omega Hosp.*, 2014 U.S. App. LEXIS 21968, at *8. The court in *Tantuwaya* also found each of these three defenses to be colorable (2016 U.S. Dist. LEXIS 45589, at *17-18) and went on to find two of them – preemption and sovereign immunity – to be meritorious (*id.* at *19-28).

**Removal Under 28 U.S.C. § 1441 Based on Federal Question Jurisdiction**

22. Aside from being removable under 28 U.S.C. § 1442(a)(1), this case also is removable pursuant to 28 U.S.C. § 1441(c) based on federal question jurisdiction existing under 28 U.S.C. § 1331, because at least some of Plaintiff's claims are completely preempted by FEHBA.

23. FEHBA expressly states that OPM shall be the final arbiter of all benefit disputes under FEHBA plans. *See* 5 U.S.C. § 8902(j). Pursuant to that provision, and as noted above, OPM's regulations provide a detailed mechanism for challenging a denial of FEHBA benefits. *See* 5 C.F.R. §§ 890.105, 890.107. These regulations expressly require that any suit regarding FEHBA benefits must be brought against OPM. 5 C.F.R. § 890.107(a), (c). Subsection (c) of "this regulation channels disputes over coverage or benefits into federal court by designating a United States agency (OPM) sole defendant." *Empire*, 547 U.S. at 686-87. "The federal remedies provided to aggrieved federal employees under the regulatory scheme are the only intended remedies under FEHBA." *Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 398 (9th Cir. 2002).

24. In addition, Congress's intent was that FEHBA contract terms relating to "coverage or benefits (including payments with respect to benefits) *completely displace* State or local law relating to health insurance or plans." H.R. Rep. No. 105-374, at 16 (1997) (emphasis added).

25. For these reasons, Plaintiff's claims for FEHBA benefits are "completely preempted" by FEHBA and are removable. *See, e.g.*, *Botsford*, 314 F.3d at 399; *Center for Restorative Breast Surgery, LLC v. Blue Cross Blue Shield of La.*, No. 06-9985, 2007 U.S. Dist. LEXIS 34833 (E.D. La. May 10, 2007); *Ala. Dental Ass'n v. Blue Cross & Blue Shield of Ala., Inc.*, No. 2:05-cv-1230-MEF, 2007 U.S. Dist. LEXIS 685 (M.D. Ala. Jan. 3, 2007); *but see, e.g.*, *Lopez-Munoz v. Triple-S Salud, Inc.*, 754 F.3d 1, 5-8 (1st Cir. 2014) (finding FEHBA does not completely preempt state law claims for benefits arising under FEHBA plans).

26. Pursuant to 28 U.S.C. § 1446(d), Anthem will promptly provide written notice of this removal to the Superior Court of the County of Los Angeles, California.

Dated: July 15, 2016

VON BEHREN & HUNTER LLP
William E. von Behren
Joann V. Lee

By: /s/ *Willian E. von Behren*
William E. von Behren
Attorneys for Defendant
ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2041 Rosecrans Avenue, Suite 367, El Segundo, CA 90245.

On July 15, 2016, I served the within document(s) described as:

NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

on the interested parties in this action as stated below:

Nicholas H. Van Parys, Esq.
VAN PARYS
960 South Westlake Blvd., Suite 209
Westlake Village, CA 91361

[X] (BY OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document(s) in a sealed envelope or package designated by the express service carrier, addressed as set forth above, with fees for overnight delivery paid or provided for.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 15, 2016, at Los Angeles, California.

Diane DeRosa
(Type or print name)

(Signature)