# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** ANTHEM BLUE CROSS LIFE AND HEALTH
***(AVISO AL DEMANDADO):*** INSURANCE COMPANY; ANTHEM INSURANCE COMPANIES, INC.; DOES 1 to 20 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
INSPIRE MALIBU

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 02 2016

Sherri R. Carter, Executive Office/Clerk
By: Deputy
Ishayla Chambers

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES
111 NORTH HILL STREET
LOS ANGELES, CALIFORNIA 90012
CENTRAL DISTRICT STANLEY MOSK

CASE NUMBER:
*(Número del Caso):*
BC 6 1 8 7 9 7

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
NICHOLAS H. VAN PARYS, ESQ. SBN 242234 (213) 403-1800
VAN PARYS
960 SOUTH WESTLAKE BLVD SUITE 209
WESTLAKE VILLAGE, CA 91361

DATE: MAY 02 2016 SHERRI R. CARTER Clerk, by Ishayla Chambers, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Nicholas H. Van Parys, Esq. SBN 242234
VAN PARYS
960 South Westlake Blvd Suite 209
Westlake Village, California 91361
Telephone: (213) 403-1800
Facsimile: (213) 493-4054
nvanparys@vanparyslaw.com

Attorney for Plaintiff
INSPIRE MALIBU

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 02 2016

Sherri R. Carter, Executive Officer/Clerk
By: Ishayla Chambers, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

INSPIRE MALIBU,

Plaintiff,

vs.

ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY; ANTHEM INSURANCE COMPANIES, INC.; DOES 1 to 20 inclusive,

Defendants,

CASE NO.: BC 618797

**COMPLAINT**

1. **Breach of Implied Contract**
2. **Breach of Implied Covenant of Good Faith and Fair Dealing**
3. **Fraud**
4. **Unjust Enrichment**
5. **Unfair Business Practices**
6. **Recovery of Payment for Services Rendered**
7. **Quantum Meruit**

---

**INTRODUCTION**

1. This action arises out of Anthem Blue Cross Life and Health Insurance Company ("Anthem") and Anthem Insurance Companies, Inc. ("Federal Blue Cross") (collectively "Blue Cross" or "Defendants") unjustified failure to pay $44,000 for medical services provided by Plaintiff Inspire Malibu ("Inspire" or "Plaintiff") to one (1) case involving a patient insured by Blue Cross.

2. After rendering highly skilled and valuable medical services to a patient insured by Blue Cross, Inspire submitted valid claims for reimbursement to Blue Cross, for which Blue Cross was obligated to pay based on its representations to Inspire, valid assignment from the patient, and based on its fraudulent inducement for Inspire to render valuable medical services to Blue Cross' insured.

3. Blue Cross has withheld all reimbursement without justification and has been unjustly enriched.

## PARTIES

4. Plaintiff Inspire is a California behavioral health treatment center and is in the business of providing vital medical care to those with substance abuse and mental health disorders. Inspire had a long standing business relationship with Blue Cross where it provided medical services to individuals insured by Blue Cross.

5. Defendant Anthem is a California corporation with offices at 21555 Oxnard Street, Woodland Hills, California 91367. Anthem is a national insurance company that provides health care and health insurance coverage to individuals. Anthem is the insurance provider for the one (1) case involving a patient at Inspire. Anthem has maintained a long standing business relationship with Inspire to provide reimbursement monies for medical services rendered by Inspire to patients insured by Anthem.

6. Defendant Federal Blue Cross is an insurance company believed to be doing business in California. Federal Blue Cross is the insurance provider for the one (1) case involving a patient at Inspire. Federal Blue Cross has maintained a long standing business relationship with Inspire to provide reimbursement monies for medical services rendered by Inspire to patients insured by Federal Blue Cross.

7. Inspire has limited the disclosure of patient identification information pursuant to the privacy provisions of the federal Health Insurance Portability & Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320(d) *et seq.*, and the California Constitution, art. 1, § 1.

8. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants Does 1 through 20, inclusive, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a fictitiously named Defendant is, in some manner responsible for the events and happenings herein referred to, either contractually or tortiously, and caused the damage to Plaintiff as herein alleged. When Plaintiff ascertains the true names and capacities of Does 1 through 20, Plaintiff will seek leave of this Court to amend the complaint by setting forth the identity of the unknown Defendants.

9. Plaintiff is informed and believes, and thereon alleges, that DOES 1-20 are the partners, owners, shareholders, managers, or employees of Defendants and therefore, were acting on behalf of

Defendants.

10. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, occurrences or transactions alleged herein.

11. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, all Defendants, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of Defendants were in accordance with, and represent the official policy of Defendants.

12. Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each Defendant was dominated and controlled by his/her/its co-Defendant and each was the alter ego of the other as to the events set forth herein.

13. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto and mentioned herein, each Defendant sued herein (both named and DOE Defendants) was the agent, servant, employer; joint venturer, joint employer, contractor, contractee, partner, division owner, subsidiary, division, alias, and/or alter ego of each of the remaining Defendants and was, at all times, acting within the purpose and scope of such agency, servitude, employment, contract, ownership, subsidiary, alias and/or alter ego and with the authority, consent, approval, control, influence and ratification of each remaining Defendant sued herein.

14. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

## VENUE AND JURISDICTION

15. Venue is proper in this district because the conduct that is the subject of this lawsuit occurred within this District, and at least one Defendant resides in this District and all Defendants conduct business within this District, either directly or through wholly owned and controlled subsidiaries.

16. This Court has jurisdiction over the present matter because, as delineated within this Complaint, the nature of the claims and amounts in controversy meet the requirements for the unlimited

jurisdiction of this Court.

## GENERAL ALLEGATIONS

17. Blue Cross' pattern of fraudulent behavior and unjustified refusal to reimburse Inspire renders all potential administrative remedies futile.

18. Inspire is certified to operate and maintain behavioral health treatment facilities in Malibu, California. Inspire is in the business of providing highly skilled and valuable medical services to patients.

19. Inspire provides medical services to patients insured by various health insurance companies, including Blue Cross.

20. Inspire provided highly skilled and valuable medical services to one (1) patient insured by Blue Cross. The value of these medical services and the amount due to Inspire is $44,000.00. Blue Cross has reimbursed Inspire for $26,325.06 of the total amount, leaving an unpaid balance of $17,674.94 due to Inspire.

21. The services rendered by Inspire were induced by Blue Cross' promise to make payments on behalf of its insured patients and on Blue Cross' prior course of dealing.

22. Inspire submitted valid claims, for reimbursement to Blue Cross, in a timely manner. At all times, Inspire conformed its billing and claim procedures to Blue Cross' requirements.

23. At all relevant times, Inspire was in regular communications with claims representatives and billing department representatives at Blue Cross. During this time, Blue Cross began a series of unlawful, unfair, and/or fraudulent business practices intended to avoid repayment of the full amount owed to Inspire.

24. By its unlawful, unfair, and/or fraudulent business practices, Blue Cross intended to minimize its costs of paying reimbursement claims to Inspire in order to maximize profits and coerce the few remaining "out-of-network" providers, such as Plaintiff to join Blue Cross' vast provider network.

25. Specifically, since 2013, Blue Cross has been steadily decreasing reimbursement to Inspire and now audaciously claims that it had overpaid Inspire in the amount of $26,325.06.

26. In-network providers with respect to insurance plans agree to accept discounted reimbursement rates in exchange for the benefits of network status, which include increased business, advertisements,

and lower co-payments and deductibles for members. Conversely, out-of-network providers receive less plan business, but they are entitled to receive payment based on their charges for services rendered without any discount. Plaintiffs are informed and believe that the Blue Cross Defendants punish out-of-network providers by underpaying them for the medically necessary, covered services they provide to Blue Cross Defendants' insured individuals.

27. Blue Cross' unlawful, unfair, and/or fraudulent attempts, through the guise of billing formalities and oppressive delays, to deprive Inspire of the amounts rightfully due ignore the reality that Inspire rendered valuable medical services to Blue Cross' insured in the amount of $44,000.00.

28. Blue Cross deliberately and unjustifiably failed to adopt and implement reasonable standards for the prompt processing of Inspire's claims knowing that such action would cause severe financial hardship to Inspire.

29. Blue Cross continues to withhold the $17,674.94 balance owed to Inspire and refuses to make payment. In addition, Blue Cross continues to claim that it has overpaid Inspire by $26,325.06.

30. Blue Cross' oppressive collection tactics have interfered with Inspire's patient relationships and have substantially harmed Inspire's reputation and ability to conduct business.

31. Plaintiff followed the same process for each and every patient as the patient in this lawsuit as described below.

32. Plaintiff contacted the patient to obtain their health insurance information including policy number. Prior to scheduling or performing any medical services, Plaintiff called the Defendants at their designated telephone number to verify covered health benefits, including out-of-network benefits and coverage for the particular medical services to be performed. Plaintiff also verified that reimbursement for the medical services would be made at the usual and customary rate for the same or similar medical services in and around Plaintiff's geographical area.

33. Plaintiff relied upon the information provided by Defendants during this verification process, including representations from Defendants that Plaintiff was to be reimbursed at the usual and customary rate for the medical services provided.

34. Plaintiff scheduled the medical services with the patient. Upon arrival for the procedure, each patient expressly and knowingly executed an Assignment of Benefits. The Assignment of Benefits

transferred and assigned to Plaintiff the rights and interest to collect and be reimbursed for the patient's medical service(s) performed at Plaintiff's facility.

35. After medical services were performed, Plaintiff properly and timely submitted claims through Defendants' designated claims handling channels. Defendants either denied the claims outright or drastically underpaid the claims.

36. After Defendants either denied or underpaid the claims, Plaintiff properly and timely appealed the non-payment and underpayment of the claims through Defendants' designated appeals channels. Defendants denied each and every appeal for each and every claim at issue in this lawsuit thereby exhausting Plaintiff's administrative remedies. Defendants either provided no explanations for their adverse determinations against Plaintiff or provided conclusory explanations that frequently consisted of one to two sentences.

37. Plaintiff billed $44,000.00 which is the usual and customary rate for the particular medical services in and around the surrounding counties. Defendants paid a mere $26,325.06, which is approximately 59% of the amount billed for the services rendered, and are now demanding a refund of that amount.

38. Payment of 59% of the usual and customary rates for same or similar medical services rendered is dramatically lower than any other of the Plaintiff's insurance payors, including United, Cigna, and Aetna, and is tantamount to no payment at all.

39. Moreover, based on information and belief, payment of 59% of the usual and customary rates for same or similar medical services rendered is drastically lower than any other recognizable third party commercial payor in the larger health care industry, including United, Cigna, Aetna and Medicare. Significantly, patient's pay higher premiums, at times substantially higher premiums, so that they may receive medical treatment from the provider of their choice, including from out-of-network providers. They bargain for and expect that payment be made at the providers' usual and customary rates. In Plaintiff's experience, the payment of merely 59 cents on the dollar for the rendering of medical treatment is unconscionable.

40. By authorizing Inspire to provide services to Defendants' insured members, Defendants entered into implied contracts with Inspire whereby Defendants agreed to pay Plaintiff as a non-participating

provider at Plaintiff's usual, customary and reasonable billed rates. Defendants have failed to pay these claims correctly under the implied contracts, by improperly paying claims at rates far below usual, reasonable and customary charges and far below the billed charges submitted by Plaintiff.

41. In further bad faith, after claiming it had overpaid Inspire by $26,325.06, Blue Cross initiated collection tactics against Inspire.

42. BlueCard: Plaintiffs are informed and believe that the BlueCard Program is "a single electronic network for claims processing and reimbursement" through California for all Blue Cross Companies, including Anthem. *See* Blue Shield of California, "Introducing the BlueCard Program," www.blueshieldca.com.

43. Tolling: The claims at issue in this case went through an appeal process during which the statute was tolled in the interests of the parties resolving their claims.

44. Plaintiff's claims are not based on the terms of the patient's plan. Plaintiff's claims are based on state law that regulate insurance and are not based on "benefits" as defined by 29 U.S.C. §§ 1001, *et seq.*, of the Employment Retirement Income Security Act ("ERISA"). The Supreme Court has held under the "insurance saving clause" that state statutes regulating insurance that nonetheless affect ERISA benefits are not expressly preempted. 29 U.S.C. § 1144(a)-(b).

**FIRST CAUSE OF ACTION**

**(BREACH OF IMPLIED CONTRACT)**

45. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

46. Plaintiff has performed each and every obligation, condition, and covenant required of it in accordance with oral representations made by Defendants and an implied contract based upon prior dealing. Plaintiff rendered medical services to patients insured by Defendants. Plaintiff thereafter submitted valid claims for reimbursement for such services to Defendants in conformity with Defendants' requirements and based upon prior identical transactions between the parties. Plaintiff and Defendants have maintained a long standing business relationship involving these transactions. Plaintiff has demanded that Defendants pay Plaintiff pursuant to its obligation to reimburse Plaintiff for valuable medical services rendered to patients insured by Defendants.

47. Defendants have breached its obligation to reimburse Plaintiff by unreasonably refusing to pay, and continuing to withhold, reimbursement funds due and payable to Plaintiff.

48. Defendants further breached its contract with Plaintiff by making unreasonable demands on Plaintiff, improperly denying Plaintiff's claims, and forcing Plaintiff to institute this litigation to obtain its reimbursement.

49. As a direct and proximate result of the actions of Defendants, Plaintiff has incurred substantial financial damage in addition to the $17,674.94 reimbursement monies owed to Plaintiff.

50. As a direct and proximate result of the actions of Defendants, Plaintiff has incurred and will continue to incur economic losses.

51. As a direct result of Defendants' breach of contract, Plaintiff has incurred attorney's fees and costs as a result of efforts to secure the reimbursement monies owed by Defendants to Plaintiff.

52. Plaintiff has been damaged in that it has not received the value of the contract it bargained for, it has not received reimbursements owed to it by Defendants for the value of the medical services, and it has not received any interest on the delayed reimbursements monies.

## SECOND CAUSE OF ACTION

## (BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

53. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

54. Plaintiff provided valuable medical services to patients insured by Defendants with the understanding and expectation, which was clearly understood by Defendants based upon oral representations and prior conduct of the Defendants, that Defendants would act in good faith and deal fairly pursuant to the implied contract.

55. Defendants have tortiously breached its implied covenant of good faith and fair dealing arising from the implied contract by unreasonably withholding the reimbursement monies due to Plaintiff.

56. Defendants have tortiously breached its implied covenant of good faith and fair dealing arising from the implied contract by denying any reimbursement monies due to Plaintiff for valuable services provided to its insured members.

57. Defendants have tortiously breached its implied covenant of good faith and fair dealing arising

from the implied contract by unreasonably claiming that it had overpaid Plaintiff by $26,325.06 and demanding Plaintiff to repay this amount.

58. Despite Plaintiff's continued treatment of patients insured by Defendants and proper submission of valid reimbursement claims, Defendants never objected to Plaintiff's claims until now.

59. In the absence of a reasonable basis for doing so, and with full knowledge and/or reckless disregard of the consequences, Defendants wrongfully denied Plaintiff the reimbursement monies with the specific knowledge that its denial would result in catastrophic financial hardship to Plaintiff.

60. Defendants engaged and continues to engage in a course of conduct to further its own economic interests and in violation of its obligations to Plaintiff and Defendants' insured.

61. Defendants' conduct described herein constitutes part of Defendants' overall scheme to reduce the costs of legitimate reimbursement claims. Defendants' conduct as described herein constitutes an illegal pattern and practice so pervasive as to amount to a general unfair and unlawful business practice.

62. Defendants' conduct described herein was done with a conscious disregard of Plaintiff's rights and was done with the intent to vex, injure, or annoy Plaintiff such as to constitute oppression, fraud, or malice under Civil Code Section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants.

63. Defendants' conduct described herein was undertaken by Defendants' officers or managing agents, identified herein as DOES 1 through 20, who were responsible for supervision, operation, reports, communications, and/or decisions. The afore-described conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants. Defendants further had advanced knowledge of the action and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

64. As a proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff has suffered, and will continue to suffer in the future, damages under the contract, plus interest in an amount exceeding the $17,674.94 reimbursement monies owed to Plaintiff.

65. As a further direct and proximate result of the conduct of Defendants, Plaintiff has been obligated to expend and incur liability for costs of suit, attorneys' fees, and related expenses in an

amount to be determined at the time of trial.

**THIRD CAUSE OF ACTION**

**(FRAUD)**

66. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

67. Defendants fraudulently misrepresented material facts regarding its intention to reimburse Plaintiff for the value of medical services rendered by Plaintiff to patients insured by Defendants.

68. Defendants fraudulently misrepresented that if Plaintiff rendered medical services to patients insured by Defendants and submitted valid claims for reimbursement, Defendants would reimburse Plaintiff for the value of the medical services rendered.

69. Plaintiff relied on Defendants' misrepresentations and rendered medical services to patients insured by Defendants in the amount of $44,000.00.

70. At the time of Defendants' fraudulent misrepresentations and omissions, Plaintiff was unaware and ignorant of the falsity of Defendants' statements and reasonably believed them to be true.

71. Defendants knew this information to be false, incomplete, and misleading.

72. Defendants intended to deceive and mislead Plaintiff so that Plaintiff might rely on these fraudulent misrepresentations.

73. Plaintiff had a right to rely on and did reasonably rely upon Defendants' deceptive, inaccurate and fraudulent misrepresentations.

74. As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiff rendered medical services in the amount of $44,000.00 to the patient insured by Defendants with the expectation of being reimbursed by Defendants. Defendants reimbursed Plaintiff for $26,325.06 of the total amount due and later claimed that it had overpaid Plaintiff by $26,325.06. Plaintiff demands judgment against Defendants for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

75. The conduct of Defendants as alleged above was willful, wanton, malicious, and oppressive, and justify the award of exemplary and punitive damages.

**FOURTH CAUSE OF ACTION**

**(NEGLIGENT MISREPRESENTATION)**

76. Plaintiff justifiably relied upon Defendants' representations that were made in the course of their business, the representations supplied were false and intended to induce Plaintiff to provide service to their insured members. Defendants did not exercise reasonable care or competence in obtaining or communicating the information. The negligent misrepresentations included the representations by Defendants, or their agents, that the patients at issue were covered under healthcare policies or plans and further that the medical services to be provided by Plaintiffs were likewise covered under the terms of the policies, as specifically represented by Defendants' employees via telephone during the insurance verification process referenced in this complaint and as documented by Defendants.

77. In reliance on these false statements, Plaintiffs provided healthcare services to the patients. It was only later, when the bill for services had been denied in whole or in part, that Plaintiffs realized that Defendants had misrepresented to them that the patients were covered under the healthcare policies or plans. Plaintiff has been damaged due to reasonable reliance on the negligent misrepresentations of Defendants in the amount of $44,000.00.

**FIFTH CAUSE OF ACTION**

**(UNJUST ENRICHMENT)**

78. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

79. Plaintiff conferred a tangible economic benefit on Defendants by rendering medical services to patients insured by Defendant. Plaintiff expected that Defendants would reimburse Plaintiff for the value of the services appropriately to further the interests, objective, and legal obligations of both the Defendant and Plaintiff.

80. As a result of Defendants' deceptive, fraudulent, negligent, and misleading conduct, as further described in this Complaint, Defendants was enriched at the expense of the Plaintiff. Defendant did not reimburse Plaintiff for the full value of Plaintiff's services and instead was enriched in the amount of $17,674.94. Defendants' claims of overpayment will enrich Defendants by an additional $26,325.06.

81. Under the circumstances, it would be against equity and good conscious to permit Defendants to retain the ill-gotten benefits that it received from Plaintiff.

82. It is unjust for Defendants to retain the monies because Plaintiff performed highly skilled and valuable services for patients insured by Defendant with the expectation of being reimbursed for the value of those services.

83. It would thus be unjust and inequitable for Defendants to retain the benefit without restitution or disgorgement of reimbursement monies owed to Plaintiff.

**SIXTH CAUSE OF ACTION**

**(UNFAIR BUSINESS PRACTICES)**

**(Business and Professions Code Sections 17200, et seq.)**

84. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

85. Defendants failed to adequately compensate Plaintiff after Plaintiff provided valuable medical services to patients insured by Defendants and after Plaintiff submitted proper, valid claims for reimbursement, both with the expectation of reimbursement by Defendants based on oral representations and a pattern of prior dealing between Plaintiff and Defendants.

86. Defendants denied Plaintiff's reimbursement claims without fully and adequately investigating. Defendant's conduct described herein constitutes part of Defendants' overall scheme to reduce the costs of reimbursement claims brought by out-of-network providers such as Plaintiff. Defendants' conduct as described herein constitutes an illegal pattern and practice so pervasive as to form a general business practice which is forbidden by Business and Professions Code §§ 17200, et seq.

87. Plaintiff seeks injunctive relief prohibiting Defendants' continued violation of the above described unlawful conduct which constitutes an unfair business practice. Plaintiff seeks restitutionary relief in the form of Defendants' disgorgement of profits gained through its unlawful and unfair business practice. Members of the public have been, continue to be, and are likely to be deceived by Defendants' continued unlawful conduct as described herein.

88. Plaintiff and other similarly-situated out-of-network medical providers that render valuable medical services to patients insured by Defendant have no adequate remedy at law to protect

themselves from Defendant's pervasive fraudulent and unfair business practice.

89. A remedy at law is inadequate because Defendants' actions will have already violated California law by compelling medical providers, including Plaintiff, to initiate litigation to obtain reimbursement monies. As an example of this litigation delay, Plaintiff accrued a balance of $17,674.94 with the expectation of reimbursement by Defendants. This result and delay in assertion of rights through litigation is all to the benefit of Defendant.

90. Granting injunctive relief will protect other medical providers who render valuable medical services to patients insured by Defendants. Defendants, by its conduct as described herein, has engaged in unfair, unlawful, and fraudulent business practices intended to deceive other California medical service providers, including Plaintiff. Injunctive relief will bar Defendants from future exploitation of Plaintiff and other medical service provider and future violations of California law.

**SEVENTH CAUSE OF ACTION**

**(RECOVERY OF PAYMENT FOR SERVICES RENDERED)**

91. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

92. At all relevant times, prior to rendering services, Plaintiff contacted Defendants, to obtain permission, authorization, and consent to render care to the Patient; to obtain verification of coverage; and to obtain Defendants' commitment, agreement and assent that it would provide payment, coverage and indemnification for the services to be rendered to the Patient by Plaintiff. For the Patient, Defendants authorized, pre-certified and consented to performance of medical services at the facilities operated and owned by Plaintiff and by physicians and medical providers affiliated with Plaintiff and committed to pay for, reimburse, indemnify, cover or otherwise provide insurance benefits and payments to Plaintiff at the lesser of billed charges or usual, customary and reasonable charges.

93. Plaintiff has demanded that Defendants pay for the medical treatment provided to the patients, and has submitted statements to Defendants for the medical services rendered to the patients.

94. Defendants have failed and refused to pay, and continue to refuse to pay the Plaintiff for such services rendered at appropriate rates and have underpaid Plaintiff by failing and refusing to pay usual, customary and reasonable rates. Accordingly, there is now due and owing an unpaid sum, plus statutory

interest thereon.

## EIGHTH CAUSE OF ACTION

## (QUANTUM MERUIT)

95. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

96. Plaintiff rendered medical services to the patients, who are insured by Defendants, at the request of Defendants. Defendants knew these services were being provided to the insured patients, and did not object to these services being provided by Plaintiff. Prior to the date that services were rendered, Defendants authorized the services to be performed by Plaintiff at facilities owned and operated by Plaintiff, offered prior authorization and pre-certification to the Plaintiff and otherwise promised, consented, pledged, agreed and committed to pay the cost of those services rendered to the patient by Plaintiff. The patient accepted each of these services provided Plaintiff. Defendants consent to and accept each of the services provided by Plaintiff to the patients.

97. At the behest of Defendants, Plaintiff provided medical services to the patients, thereby benefitting Defendants and the patients. Defendants have failed and refused to pay Plaintiff the appropriate amounts incurred by Plaintiffs in rendering medical care to the patients, have underpaid those costs and have failed and refused to pay the usual, reasonable and customary costs of those services.

98. Defendants are required to reimburse Plaintiffs at a quantum meruit rate for all services rendered to the enrollees, the patients. The quantum meruit amount owed by Defendants to Plaintiff is determined according to the customary charges that would be billed by Plaintiff and/or other physicians in the absence of preferred provider or participating provider contractual rates. Based upon Defendants' request that Plaintiff render medical services to the patients, and the fact that Defendants were benefitted by the provision of such services by Plaintiff, an obligation on the part of Defendants to make restitution to Plaintiff arose.

99. The *quantum meruit* rate for the medical treatment Plaintiff provided to the patients is an amount to be determined at trial. This amount represents the usual, customary and reasonable cost or charge for the services rendered by Plaintiff. Plaintiff has submitted statements to Defendants for these

amounts, and have made repeated demands that they be paid for the medical treatment provided to the patients at usual, customary and reasonable rates.

100. Defendants have refused to pay, and continue to refuse to pay, Plaintiff for the whole or any party of the sums owed to Plaintiff for medical services provided to the patients, at usual, customary and reasonable rates. Accordingly, there is now due and owing an unpaid sum, plus statutory interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Inspire Malibu respectfully requests for judgment to be entered upon Defendants as follows:

1. For general and special damages for an amount to be determined at trial;
2. For pre- and post-judgment interest according to proof;
3. Punitive Damages where applicable
4. Attorney Fees where applicable
5. For costs of suit incurred herein; and
6. For all other relief as this court may deem proper.

DATED: April 28, 2016

VAN PARYS LAW

BY: ______________________
NICHOLAS H. VAN PARYS, ESQ.
Attorney for Plaintiff INSPIRE MALIBU

**DEMAND FOR JURY TRIAL**

Plaintiff Inspire Malibu hereby demands a jury trial by jury.

DATED: April 28, 2016

VAN PARYS LAW

BY: ______________________
NICHOLAS H. VAN PARYS, ESQ.
Attorney for Plaintiff INSPIRE MALIBU

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*):
NICHOLAS H. VAN PARYS, ESQ. SBN 242234
VAN PARYS
960 SOUTH WESTLAKE BLVD SUITE 209
WESTLAKE VILLAGE, CA 91361

TELEPHONE NO.: (213) 403-1800 FAX NO.:
ATTORNEY FOR (Name): PLAINTIFF INSPIRE MALIBU

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 02 2016

Sherri R. Carter, Executive Officer/Clerk
By: ________, Deputy
Ishayla Chambers

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: 111 NORTH HILL STREET
CITY AND ZIP CODE: LOS ANGELES CALIFORNIA 90012
BRANCH NAME: CENTRAL DISTRICT - STANLEY MOSK

CASE NAME: INSPIRE MALIBU V. BLUE CROSS

**CIVIL CASE COVER SHEET**
[X] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BC618797
JUDGE:
DEPT:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[X] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (*not specified above*) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (*specify*): (8)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: APRIL 28, 2016
NICHOLAS H. VAN PARYS, ESQ.
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

| SHORT TITLE: INSPIRE MALIBU V. BLUE CROSS | CASE NUMBER BC 618797 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES CLASS ACTION? [ ] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL 7-8 [ ] HOURS/ [X] DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (See Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | [ ] A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE: INSPIRE MALIBU V. BLUE CROSS | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☒ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels ______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2. ,6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer - Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: INSPIRE MALIBU V. BLUE CROSS | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ / Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

| SHORT TITLE: INSPIRE MALIBU V. BLUE CROSS | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br>☐1. ☒2. ☐3. ☒4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | ADDRESS:<br>111 NORTH HILL STREET |
|---|---|---|---|
| CITY:<br>LOS ANGELES | STATE:<br>CA | ZIP CODE:<br>90012 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the STANLEY MOSK courthouse in the CENTRAL District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: APRIL 28, 2016

(SIGNATURE OF ATTORNEY/FILING PARTY)
NICHOLAS H. VAN PARYS, ESQ.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**
**Case Number** BC 618797

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

**Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Kevin C. Brazile | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| | Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| | Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 | ✓ |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 | |
| | Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. Steven J. Kleifield | 53 | 513 | |
| | Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| | Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. John P. Doyle | 58 | 516 | |
| | Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| | Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Daniel S. Murphy | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| | Hon. Gregory Alarcon | 36 | 410 | | Hon. Suzanne G. Bruguera | 71 | 729 | |
| | Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| | Hon. Elizabeth Feffer | 39 | 415 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| | Hon. Michelle R. Rosenblatt | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| | Hon. Holly E. Kendig | 42 | 416 | | | | | |
| | Hon. Mel Red Recana | 45 | 529 | | Hon. Steven J. Kleifield | 324 | CCW | |
| | Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW | |
| | Hon. Debre K. Weintraub | 47 | 507 | | | | | |

***Complex**

**All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.**

**Given to the Plaintiff/Cross-Complainant/Attorney of Record on** ____ 2016 **SHERRI R. CARTER, Executive Officer/Clerk**

**By** Ishayla Chambers**, Deputy Clerk**

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
NICHOLAS H. VAN PARYS, ESQ. SBN 242234
VAN PARYS
960 SOUTH WESTLAKE BLVD, SUITE 209
WESTLAKE VILLAGE, CA 91361

TELEPHONE NO.: (213)403-1800 FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* PLAINTIFF INSPIRE MALIBU

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: 111 NORTH HILL STREET
CITY AND ZIP CODE: LOS ANGELES CALIFORNIA 90012
BRANCH NAME: CENTRAL DISTRICT - STANLEY MOSK

PLAINTIFF/PETITIONER:
INSPIRE MALIBU,

DEFENDANT/RESPONDENT:
ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY; ANTHEM INSURANCE COMPANIES, INC.; DOES 1 to 20 inclusive,

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER:
BC618797

TO *(insert name of party being served):* ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: MAY 3, 2016

NICHOLAS H. VAN PARYS, ESQ.
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):*
   civil case cover sheet, stipulations, civil cover sheet addendum

***(To be completed by recipient):***

Date this form is signed:

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

CT Corporation

# Service of Process Transmittal

05/09/2016
CT Log Number 529136528

**TO:** Ronald Odom
WellPoint,Inc
21555 Oxnard St
Woodland Hills, CA 91367-4943

**RE:** **Process Served in California**

**FOR:** Anthem Blue Cross Life and Health Insurance Company (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** MALIBU INSPIRE, Pltf. vs. ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, et al., Dfts.

**DOCUMENT(S) SERVED:** Notice, Summons, Attachment(s), Complaint

**COURT/AGENCY:** Los Angeles County - Superior Court - Hill Street, CA
Case # BC618797

**NATURE OF ACTION:** NOTICE AND ACKNOWLEDGMENT OF RECEIPT

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, Los Angeles, CA

**DATE AND HOUR OF SERVICE:** By Certified Mail on 05/09/2016 postmarked: "Illegible"

**JURISDICTION SERVED :** California

**APPEARANCE OR ANSWER DUE:** Within 30 days after service

**ATTORNEY(S) / SENDER(S):** NICHOLAS H. VAN PARYS
VAN PARYS
960 SOUTH WESTLAKE BLVD, SUITE 209
WESTLAKE VILLAGE, CA 91361
213-403-1800

**ACTION ITEMS:** CT has retained the current log, Retain Date: 05/10/2016, Expected Purge Date: 05/15/2016

Image SOP

Email Notification, Susan D'Agostino sue.d'agostino@wellpoint.com

Email Notification, Taysa Cashen taysa.cashen@wellpoint.com

Email Notification, Ronald Odom Ronald.Odom@wellpoint.com

**SIGNED:** C T Corporation System
**ADDRESS:** 818 West Seventh Street
Los Angeles, CA 90017
**TELEPHONE:** 213-337-4615



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL™**

7014 0510 0001 1721 6169

$9.25⁰
US POSTAGE
FIRST-CLASS
062S0006868728
90015

VAN PARYS LAW

960 SOUTH WESTLAKE BLVD SUITE 209 • WESTLAKE VILLAGE CALIFORNIA • 91361
Phone: (213) 403-1800 • Fax: (213) 493-4054 • www.vanparyslaw.com

Attn: Anthem Blue Cross
c/o C T CORPORATION SYSTEM
818 WEST SEVENTH ST STE 930
LOS ANGELES CA 90017