Nicholas H. Van Parys, Esq. SBN 242234
VAN PARYS
960 South Westlake Boulevard, Suite 209
Westlake Village, California 91361
Telephone: (213) 403-1800
Facsimile: (805) 366-0724
nvanparys@vanparyslaw.com

Attorney for Plaintiff
INSPIRE MALIBU

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

INSPIRE MALIBU,

Plaintiffs,

vs.

ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY; ANTHEM INSURANCE COMPANIES, INC.; DOES 1 to 20 inclusive,

Defendants.

Case No.: 2:16−cv−05229−JFW (KSx)
*Hon. Judge John F. Walter*

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

DATE: September 19, 2016
TIME: 1:30 p.m.
PLACE: Courtroom 16

## TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. STATEMENT OF FACTS .......... 1

III. LEGAL STANDARD .......... 2

IV. THE MOTION TO DISMISS MUST BE DENIED BECAUSE PLAINTIFF'S STATE LAW CAUSES OF ACTION ARE NOT PREEMPTED BY FEHBA .......... 4

V. THE MOTION TO DISMISS MUST BE DENIED BECAUSE PLAINTIFF'S FIRST AMENDED COMPLAINT PROPERLY PLEADS ALL CAUSES OF ACTION. .......... 5

- A. Plaintiff properly pleads a cause of action for breach of implied contract .......... 6
- B. Plaintiff properly pleads a cause of action for breach of implied covenant of good faith and fair dealing. .......... 7
- C. Plaintiff properly pleads a cause of action for fraud and negligent misrepresentation. .......... 9
- D. Plaintiff properly pleads a cause of action for unjust enrichment. .......... 11
- E. Plaintiff properly pleads a cause of action for unfair business practices in violation of California Business and Professions Code Sections 17200, et seq. .......... 12
- F. The Quantum Meruit and recovery of payment for services rendered claims are based upon an independent obligation separate from the plans. .......... 13

VI. IF THE COURT GRANTS DEFENDANT'S MOTION, THE COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND. .......... 14

VII. CONCLUSION .......... 15

# TABLE OF AUTHORITIES

## Cases

Agric. Ins. Co. v. Superior Court, 70 Cal. App. 4th 385, 402 (1999) ....9
Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal.App.4th 226, 242 (2007) ....9
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ....3
Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) ....3
Bell v. Blue Cross of California, 131 Cal.App.4th 211, 221 (2d. Dist. 2005) ....14
Comunale v. Traders & General Ins. Co., 50 Cal.2d 654, 658 (1958) ....8
Day v. Alta Bates Med. Ctr., 98 Cal. App. 4th 243, 248 (2002) ....11
Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1998) ....2
Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) ....2
Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) ....14
McDonald v. John P. Scripps Newspaper, 210 Cal.App.3d 100, 104 (1989) ....6
Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994) ....3
Peterson v. Cellco Partnership, 164 Cal.App.4th 1583, 1593 (2008) ....11
United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981) ....2
Wang v. Massey Chevrolet, 97 Cal.App.4th 856, 871 (2002) ....12
Warren v. Fox Family Worldwide, Inc. 328 F.3d 1136, 1139 (9th Cir. 2003) ....3
Youngman v. Nevada Irrigation Dist., 70 Cal. 2d 240, 246-47 (1960) ....6

## Statutes

Cal. Civ. Code, § 1621 ....6
California Business and Professions Code Section 17200 et seq. ....1
California Business and Professions Code Sections 17200, et seq. ....12
Federal Rule of Civil Procedure 8(a)(2) ....3
Federal Rules of Civil Procedure, Rule 12(b)(6) ....2
Federal Rules of Civil Procedure, Rule 15(a) ....14

## MEMORANDUM OF POINT AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Complaint adequately pleads seven causes of action arising out of Defendant's breach of contract which are not preempted by the Federal Employees Health Benefits Act ("FEHBA"). For the reasons set forth herein, Defendant's Motion to Dismiss should be denied in its entirety. After wrongfully being denied $17,674.94 for medical services provided by Plaintiff to a patient insured by Defendant, Plaintiff initiated this action in order to recover for Defendant's breach of contract. Plaintiff and Defendant have maintained a long-standing business relationship whereby Plaintiff renders valuable medical services to patients insured by Defendant in exchange for reimbursement of the value of those medical services.

In an attempt to further avoid its contractual obligations to Plaintiff, Defendant filed a Motion to Dismiss every cause of action in Plaintiff's Complaint. Plaintiff's Complaint pleads causes of action for breach of implied contract, breach of the implied covenant of good faith and fair dealing, fraud, unjust enrichment, and unfair business practices (California Business and Professions Code Section 17200 et seq.) recovery of payment for services rendered, and quantum meruit. However, Plaintiff's Complaint satisfies the required pleading standard and is not preempted by FEHBA. For the reasons set forth in this Opposition, Defendant's Motion to Dismiss should be denied in full. Furthermore, this case should be remanded because FEHBA does not apply or preempt Plaintiff's causes of action.

## II. STATEMENT OF FACTS

The facts of this case involve a shockingly deceptive ploy by Defendant Anthem Blue Cross Life and Health Insurance Company to deprive Plaintiff Inspire Malibu of reimbursement funds for which Defendant was obligated to pay. Complaint, ¶¶ 1, 37. Defendant fraudulently induced Plaintiff to provide medical services to one patient

insured by Defendant and unjustifiably refuses to reimburse Plaintiff $17,674.94 for those services. Id. at ¶ 98. After rendering highly skilled and valuable medical services to patients insured by Defendant, Plaintiff submitted valid claims for reimbursement to Defendant, for which Defendant was obligated to pay based on its representations to Plaintiff and based on its fraudulent inducement for Plaintiff to render valuable medical services to Defendant's insured. Id. at ¶ 2. Defendant has withheld reimbursement without justification and has been unjustly enriched. Id. at ¶ 3.

The services provided by Plaintiff were induced by Defendant's promise to make payments on behalf of its insured patients and on Defendant's prior course of dealing. Id. at ¶ 21. Indeed, Plaintiff does not perform medical services without the express authorization and approval by Defendant that it will pay for the services rendered by Plaintiff on behalf of Defendant's insured. Id. at ¶ 92. Plaintiff submitted valid claims, for reimbursement to Defendant, in a timely manner. Id. at ¶ 21. At all times, Plaintiff conformed its billing and claims procedures to Defendant's requirements. Id. at ¶ 22.

In further bad faith, Defendant has attempted to collect the amount it claims to have overpaid Plaintiff directly from Plaintiff. Id. at ¶ 25. After claiming it had overpaid Plaintiff by $26,325.06, Defendant's oppressive collection tactics have interfered with Plaintiff's patient relationships and have substantially harmed Plaintiff's reputation and ability to conduct business. Id. at ¶ 30.

## III. LEGAL STANDARD

Motions to dismiss under Federal Rules of Civil Procedure, Rule 12(b)(6) are disfavored and rarely granted. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1998). It is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief may be granted." To survive this motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added). Courts must accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs. Warren v. Fox Family Worldwide, Inc. 328 F.3d 1136, 1139 (9th Cir. 2003). The Court must also assume that general allegations embrace the necessary, specific facts to support the claim. Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994). Once the pleading standard has been met, the complaint may proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." Twombly, 550 U.S. at 556.

This "plausibility" requirement "does not impose a probability requirement at the pleading stage." Id. at 545 (emphasis added). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 556 (emphasis added). However, "[t]he court should not sustain the demurrer without leave to amend if the complaint, liberally construed, can state a cause of action under any theory or if there is a reasonable possibility the defect can be cured by amendment." McKell v. Washington Mut., Inc., 142 Cal.App.4th 1457, 1469 (2006).

The Federal pleading standard, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the...claim is and the grounds upon which it rests,' " Twombly, 550 U.S. at 545, citing Conley v. Gibson, 355 U.S. 41, 47 (1957). Rule 8 does not require "detailed factual allegations," but rather the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. As such, the Court must accept all factual allegations of the complaint as true and construe those facts, as well as

the inferences from those facts, in the light most favorable to the Plaintiff See Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005). As described by the court in Ashcroft v. Iqbal, this tenet is "inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Iqbal, 556 U.S. at 663.

## IV. THE MOTION TO DISMISS MUST BE DENIED BECAUSE PLAINTIFF'S STATE LAW CAUSES OF ACTION ARE NOT PREEMPTED BY FEHBA.

Defendant attempts to improperly hide behind FEHBA in order to further avoid its contractual obligations to Plaintiff. Defendant argues that the causes of action alleged in Plaintiff's Complaint are preempted by FEHBA and should be dismissed. However, Defendant cannot properly raise FEHBA as an iron shield to completely dispose of Plaintiff's allegations. To avoid duplication of pleadings, Plaintiff incorporates herein by reference Plaintiff's Motion to Remand and Reply. (ECF Document Nos. 26, 27).

Contrary to Defendant's assertions, a state law is not preempted by FEHBA if the state law has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability.

Defendant argues that each cause of action in Plaintiff Complaint seeks to recover benefits under - and necessarily requires the Court to construe and apply the terms of - the FEHBA- benefit plans at issue. Nothing could be further from the truth. Defendant fails to understand that FEHBA does not preempt state law claims when the action does not affect the administration of the plan as in the instant action.

Similarly, enforcing the contract between the Plaintiff and Defendant does not affect the administration of the plan under FEHBA. Rather, the enforcement concerns an agreement between the parties for Defendant to pay to Plaintiff the usual and customary health care expenses incurred by Defendant's insured. This does not implicate the administration of the health care plan and relies exclusively on the applicability of state contract law. Such enforcement does not have a burdensome effect on FEHBA plans and is therefore not preempted.

Nonetheless, Plaintiff brought this action in order to recover full compensation for services rendered to Defendant under a contract. Defendant continues to enjoy the benefits of Plaintiff's services without paying fully for the services rendered. The causes of action are independent from the FEHBA plans and their enforcement will not affect the administration of FEHBA plans. Therefore, contrary to Defendant's assertions, Plaintiff's causes of action are not preempted by FEHBA. Defendant's Motion to Dismiss should therefore be denied.

## V. THE MOTION TO DISMISS MUST BE DENIED BECAUSE PLAINTIFF'S FIRST AMENDED COMPLAINT PROPERLY PLEADS ALL CAUSES OF ACTION.

Defendant essentially seeks to have Plaintiff plead and prove its causes of action in the Complaint. Defendant unreasonably demands Plaintiff plead all facts about which Plaintiff intends to present evidence of at trial, even those facts which Plaintiff will only be able to obtain through discovery and which will be developed during the pendency of this lawsuit. Defendant misapplies the appropriate standard. Under the well-established Twombly pleading standard, a plaintiff must only state "enough facts to state a claim to relief that is plausible on its face." Twombly, supra, 550 U.S. at 570 (2007). As well, under the Iqbal standard, "A claim has 'facial plausibility' if the plaintiff pleads facts that 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Hemme v. Airbus, S.A.S., No. 09-C-7239, 2010 WL 1416468 *4 (N.D. Ill., Apr. 1, 2010) (Plaintiffs are not required to explain "how they arrived at their factual allegations ... a complaint must only contain enough facts to give the defendant fair notice of what the claim is and the grounds upon which it rests."). With the necessary allegations pled, in reviewing a complaint under Rule 12(b)(6), the court must assume that general allegations embrace the necessary, specific facts to support them. See Peloza, supra, 37 F.3d at 521 (9th Cir. 1994).

**A. Plaintiff properly pleads a cause of action for breach of implied contract.**

Plaintiff adequately pleads a cause of action for breach of implied contract. Breach of contract requires the plaintiff to plead the existence of a contract, plaintiff's performance or excuse for nonperformance, defendant's breach, and damage to plaintiff therefrom. McDonald v. John P. Scripps Newspaper, 210 Cal.App.3d 100, 104 (1989). In California, "an implied contract is one, the existence and terms of which are manifested by conduct." Cal. Civ. Code, § 1621. Where an implied contract is involved, it is the course of conduct -- rather than the specific statement of the agreement -- that must be alleged. Thus, where a plaintiff claims a breach of "an agreement implied from conduct, only the facts from which the promise is implied must be alleged." Youngman v. Nevada Irrigation Dist., 70 Cal. 2d 240, 246-47 (1960).

Plaintiff's Complaint thoroughly alleges and describes the conduct representing an implied contract and Plaintiff's performance:

Plaintiff provided services to patients insured by Defendant after verifying the patient's insurance benefits with Defendant's representatives and obtaining authorization to provide services. Plaintiff thereafter submitted valid claims for reimbursement for such services at the usual and customary rate of $44,000.00 to Defendant in conformity with Defendant's requirement and based upon prior identical transactions between the parties. Complaint, ¶¶ 32-34.

Similarly, Plaintiff sufficiently alleged Defendant's breach and the damage to Plaintiff therefrom: Defendant breached its obligation to reimburse Plaintiff by reimbursing Plaintiff in the amount of only $26,325.06. Defendant continues to withhold reimbursement funds due and payable to Plaintiff in the amount of $17,674.94, and now claims it overpaid $26,325.06. Complaint, ¶¶ 29,49.

Defendant further breached its contract with Plaintiff by initiating collection tactics against Plaintiff to recover the amounts Defendant claims it overpaid Plaintiff, thereby forcing Plaintiff to institute this litigation to obtain its reimbursement. Complaint, ¶ 30.

As a direct and proximate result of the actions of Defendant, Plaintiff has incurred substantial financial damage in addition to the $17,674.94 reimbursement monies owed to Plaintiff. Complaint, ¶ 49.

Plaintiff's Complaint clearly alleges there was a "meeting of the minds" regarding Defendant's intent to reimburse Plaintiff for the usual and customary rate for the services provided. Plaintiff submitted claims for reimbursement to Defendant "in conformity with Defendant's requirements..." Complaint, ¶ 46. Defendant required the services be provided at the usual and customary rate, and Plaintiff provided those services "based upon prior identical transactions between the parties." Id. Plaintiff further alleges the usual and customary rate for these services was $44,000. Complaint, ¶ 20. Defendant's argument that there was no "meeting of the minds" must be rejected.

These allegations make it perfectly clear the parties formed an implied contract by their conduct. Plaintiff pleads the existence of the implied contract, Plaintiff's performance, Defendant's breach, and the damage to Plaintiff caused by Defendant's breach. Defendant also claims Plaintiff's cause of action for breach of implied contract is not specific. Defendant misstates the California pleading standard. To the extent Defendant desires more information about the terms of the implied contract; Defendant can obtain such information through discovery. Plaintiff's allegations sufficiently allege breach of implied contract.

**B. Plaintiff properly pleads a cause of action for breach of implied covenant of good faith and fair dealing.**

Defendant incorrectly argues Plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing fails because Plaintiff has not shown the existence of a contract. Defendant's argument must be rejected because, as described above, Plaintiff has sufficiently alleged the existence of an oral contract and, in the alternative, an implied contract. Nonetheless, "[t]here is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will

injure the right of the other to receive the benefits of the agreement." Comunale v. Traders & General Ins. Co., 50 Cal.2d 654, 658 (1958). Plaintiff's Complaint contains numerous allegations describing conduct by the Defendant that has injured Plaintiff's rights under the contract.

Plaintiff has alleged numerous actions by the Defendant that support a cause of action for breach of the implied covenant of good faith and fair dealing, including, but not limited to: Defendant has tortiously breached its implied covenant of good faith and fair dealing arising from the implied contract by unreasonably withholding the reimbursement monies due to Plaintiff. Complaint, ¶¶ 55-57. Defendant has tortiously breached its implied covenant of good faith and fair dealing arising from the implied contract by unreasonably claiming that it only owed Plaintiff $0. Defendant further tortuously breached the implied covenant of good faith and fair dealing by claiming it overpaid Plaintiff by $26,325.06 and demanding Plaintiff to repay this amount. Complaint, ¶ 57.

In the absence of a reasonable basis for doing so, and with full knowledge and/or reckless disregard of the consequences, Defendant wrongfully denied Plaintiff the reimbursement monies with the specific knowledge that its denial would result in catastrophic financial hardship to Plaintiff. Complaint, ¶ 59.

Defendant engaged and continues to engage in a course of conduct to further its own economic interests and in violation of its obligations to Plaintiff and Defendant's insured. Complaint, ¶ 60.

These actions by Defendant all occurred after Plaintiff performed its duties under the contract. Defendant engaged in these actions in order to avoid and/or delay its contractual obligation to reimburse Plaintiff. These allegations give the Defendant fair notice of specific conduct that violated the implied covenant of good faith and fair dealing, including failing to pay Plaintiff, failing to object to Plaintiff's actions until the total amount due to Plaintiff reached $44,000, and attempting to collect from Plaintiff's patients. Defendant's conduct could not be more clearly injurious to Plaintiff's right to

receive the benefits of the contract. Therefore, Defendant's motion to dismiss as to Plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing should be denied.

### C. Plaintiff properly pleads a cause of action for fraud and negligent misrepresentation.

Contrary to Defendant's contentions, Plaintiff pleads facts sufficient to sustain a cause of action for fraud. "The elements which must be pleaded to plead a fraud claim are "(a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Agric. Ins. Co. v. Superior Court, 70 Cal. App. 4th 385, 402 (1999). Nonetheless, the courts should not...seek to absolve the defendant from liability on highly technical requirements of form in pleading. Pleading facts in ordinary and concise language is as permissible in fraud cases as in any others, and liberal construction of the pleadings is as much a duty of the court in these cases as in other cases. Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal.App.4th 226, 242 (2007).

Defendant misinterprets the appropriate pleading standard. The heightened pleading standard in a cause of action for fraud does not require the allegation of evidentiary facts, but only that the ultimate facts be pleaded. See In re Bixler's Estate, 194 Cal. 585 (1924). "It must be deemed, therefore, not to exclude conclusions of fact but only conclusions of law." Id. at 590.

Keeping this pleading standard in mind, Plaintiff pleads facts to sufficiently cover the elements of fraud. Plaintiff sufficiently pleads the nature of Defendant's misrepresentation and its fraudulent failure to reimburse Plaintiff: Defendant fraudulently misrepresented material facts regarding its intention to reimburse Plaintiff for the value of medical services rendered by Plaintiff to patients insured by Defendant. Complaint, ¶ 67.

Defendant fraudulently misrepresented that if Plaintiff rendered medical services in the one case described herein and submitted valid claims for reimbursement, Defendant would reimburse Plaintiff for the usual and customary value of the medical services rendered. Complaint, ¶ 68.

Plaintiff also sufficiently pleads Defendant's knowledge of the falsity and Defendant's intent to deceive: Defendant intended to deceive and mislead Plaintiff so that Plaintiff might rely on these fraudulent misrepresentations, knowing that it would not reimburse Plaintiff, an out-of-network provider, and thereby cause Plaintiff to incur damages to its detriment. Defendant's conduct and collection activities reflect its efforts to deceive and damage Plaintiff's relationship and reputation with its patients. Complaint, ¶ 72.

Finally, Plaintiff sufficiently pleads Plaintiff's justifiable reliance and the resulting damage: At the time of Defendant's fraudulent misrepresentations and omissions, Plaintiff was unaware and ignorant of the falsity of Defendant's statements and reasonably believed them to be true. Complaint, ¶ 70. Plaintiff had a right to rely on and did reasonably rely upon Defendant's deceptive, inaccurate and fraudulent misrepresentations. Complaint, ¶ 73.

As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendant, Plaintiff rendered medical services in the amount of $44,000 to a patient insured by Defendant with the expectation of being reimbursed by Defendant. Defendant reimbursed Plaintiff for $26,325.06 of the total amount due and later claimed that it had overpaid Plaintiff by the same amount. Complaint, ¶ 74.

These allegations describe each element required for a cause of action based on fraud. Plaintiff is not required to plead evidentiary facts at this stage, just the ultimate facts. Conclusions of fact are permissible, and none of these allegations contains a conclusion of law. Defendant should not be allowed to hide behind the technical requirements of pleadings, especially when Plaintiff alleges facts sufficient to support a plausible claim for relief. Additionally, as is the case in many fraud claims, the

Defendant is uniquely in control of the documents relating to the instrumentalities of its fraudulent conduct. For the reasons set forth above, the Court should deny Defendant's motion to dismiss as to Plaintiff's fraud claim.

**D. Plaintiff properly pleads a cause of action for unjust enrichment.**

For similar reasons, Plaintiff's Complaint adequately alleges a cause of action for unjust enrichment. Contrary to Defendant's contention, a claim for unjust enrichment has been recognized by Courts in California. "The elements of an unjust enrichment claim are the 'receipt of a benefit and [the] unjust retention of the benefit at the expense of another.'" Peterson v. Cellco Partnership, 164 Cal.App.4th 1583, 1593 (2008), (citing Lectrodryer v. SeoulBank, 77 Cal.App.4th 723, 726 (2000)). Furthermore, "[t]he theory of quasi-contractual recovery is that one party has accepted and retained a benefit with full appreciation of the facts, under circumstances making it inequitable for him to retain the benefit without payment of its reasonable value." Day v. Alta Bates Med. Ctr., 98 Cal. App. 4th 243, 248 (2002). Plaintiff's Complaint sufficiently alleges these elements: Plaintiff conferred a tangible economic benefit on Defendant by rendering medical services to patients insured by Defendant. Complaint, ¶ 107. Plaintiff expected that Defendant would reimburse Plaintiff for the value of the services appropriately to further the interests, objective, and legal obligations of both the Defendant and Plaintiff. Complaint, ¶ 79.

As a result of Defendant's deceptive, fraudulent, negligent, and misleading conduct, as further described in this Complaint, Defendant was enriched at the expense of the Plaintiff. Defendant did not reimburse Plaintiff for the full value of Plaintiff's services and instead was enriched in the amount of $44,000. Defendant's claims of overpayment will enrich Defendant by an additional $26,325.06. Complaint, ¶ 80.

Plaintiff adequately alleges that Defendant accepted and retained the benefit of its duty to provide medical coverage to its insured. Defendant obtained an economic benefit by refusing to pay for the value of the medical services, thereby minimizing its costs.

Plaintiff discharged Defendant's duty to provide medical coverage to its insured in exchange for reimbursement. Defendant has not repaid the $17,674.94 owed to Plaintiff and has therefore been enriched by that amount.

**E. Plaintiff properly pleads a cause of action for unfair business practices in violation of California Business and Professions Code Sections 17200, et seq.**

California Business and Professions Code Sections 17200, et seq. ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code, § 17200. In addition, "[t]o state a claim under section 17200, a plaintiff 'need not plead and prove the elements of a tort. Instead, one need only show that 'members of the public are likely to be deceived.' ' " Wang v. Massey Chevrolet, 97 Cal.App.4th 856, 871 (2002) (citing South Bay Chevrolet v. General Motors Acceptance Corp., 72 Cal.App.4th 861, 877 (1999)). Plaintiff describes numerous "unfair," "unlawful," and "fraudulent" acts of Defendant that are likely to deceive, and have deceived, the public, including but not limited to: Defendant systematically failed to fully and adequately compensate Plaintiff pursuant to their agreement referenced herein. Complaint, ¶¶ 85-86.

Defendant failed to compensate Plaintiff for valuable medical services to patients insured by Defendant after Defendant represented that the specific procedures were covered, insurance benefits would apply, and directed Plaintiff to perform the services. Complaint, ¶ 85.

Defendant failed to compensate Plaintiff after Plaintiff submitted proper, valid claims for reimbursement, both with the expectation of reimbursement by Defendant based on oral representations and a pattern of prior dealing between Plaintiff and Defendant. Complaint, ¶ 85. Defendant's conduct described herein constitutes part of Defendant's overall scheme to reduce the costs of reimbursement claims brought by out-of-network providers such as Plaintiff. Complaint, ¶ 86. Other healthcare providers,

continue to be, and are likely to be deceived by Defendant's continued unlawful conduct as described herein. Complaint, ¶ 88.

Plaintiff and other similarly-situated out-of-network medical providers that render valuable medical services to patients insured by Defendant have no adequate remedy at law to protect themselves from Defendant's pervasive fraudulent and unfair business practice. Complaint, ¶ 89.

A remedy at law is inadequate because insureds must initiate litigation after Defendant's unlawful conduct has occurred. Once a remedy at law matures, Defendant's actions will have already violated California law by compelling medical providers, including Plaintiff, to initiate litigation to obtain reimbursement monies. As an example of this litigation delay, Plaintiff accrued a balance of $44,000 with the expectation of reimbursement by Defendant. This result and delay in assertion of rights through litigation is all to the benefit of Defendant. Complaint, ¶¶ 89, 90.

Plaintiff identifies Defendant's business practice that is likely to deceive other healthcare providers and therefore sufficiently alleges a cause of action under California Business and Professions Code Sections 17200, et seq. Indeed, this pattern of conduct by the Defendant detrimentally harmed Plaintiff and other similarly-situated out-of-network providers. Defendant's motion to dismiss as to this cause of action should be denied.

### F. The Quantum Meruit and recovery of payment for services rendered claims are based upon an independent obligation separate from the plans.

Marin General, like this case, involved a hospital asserting claims against an ERISA plan for quantum meruit. In Marin General, the court found the hospital's quantum meruit claim was not subject to ERISA preemption, as it too arose from an independent legal duty created when the defendant failed to reimburse the hospital for the reasonable value of its services. In Marin General, that duty arose based upon misrepresentations made during a phone call. In this case, it necessarily arises from the implied-in-law contract created by Section 1371.4. See Bell v. Blue Cross of California,

131 Cal.App.4th 211, 221 (2d. Dist. 2005) (holding that in the emergency treatment context, medical providers and insurers are directly linked by an implied contract because medical providers must render emergency services without regard to a patient's ability to pay; they therefore have an "implied-in-law right to recover for the reasonable value of their services"). In Marin General, as here, the hospital sued on its own right pursuant to this independent obligation, and not based on any assignment of rights from the patient. Accordingly, there is no meaningful distinction between this case and Marin General, with respect to the quantum meruit cause of action. Complete preemption simply cannot be established.

## VI. IF THE COURT GRANTS DEFENDANT'S MOTION, THE COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND.

Should this Court, for any reason, find deficiencies in the Complaint, Plaintiff hereby request leave to file an amended complaint to assert other remedies permissible under federal law. Courts should indulge in great liberality in allowing amendments to a complaint so that no litigant will be deprived of his day in court because of mere technicalities of pleading. Federal Rules of Civil Procedure, Rule 15(a) provides that leave to amend should be freely granted "when justice so requires." The underlying purpose of Rule 15 is to facilitate decision on the merits, rather than on the pleadings or technicalities. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

The facts of this case are simple. Plaintiff provided valuable services based on representations by the Defendant. Plaintiff suffered and continues to suffer serious financial loss due to Defendant's conducts, while Defendant continues to enjoy the benefits of Plaintiff's services without fully compensating for it. The dismissal requested would essentially, completely terminate Plaintiff's ability to proceed in this action to recover full compensation from the Defendant. Thus, to the extent court finds that this action is preempted; the court should grant Plaintiff leave to amend and assert other remedies permissible under federal law.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully request the Court deny Defendant's Motion to Dismiss the First Amended Complaint in its entirety. In the alternative, Plaintiff requests the Court grant leave to amend the First Amended Complaint.

DATED: August 24, 2016

VAN PARYS

BY: *__/s/ Nicholas H. Van Parys, Esq.__*
NICHOLAS H. VAN PARYS, ESQ.
Attorney for Plaintiff INSPIRE MALIBU